UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NANCY A. BOYNTON and PATRICIA BEEKES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND SANTANDER BANK, N.A.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:15-cv-00350 |

## DEFENDANTS' FEDERAL HOUSING FINANCE AGENCY AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

For their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Nancy A. Boynton and Patricia Beekes ("Plaintiffs"), Defendants Federal Housing Finance Agency ("FHFA") and Federal National Mortgage Association ("Fannie Mae") (collectively, the "Defendants"), respond as follows:

### *Introduction*

1.　　Paragraph 1 of Plaintiffs' Complaint is introductory and asserts legal conclusions and requests for relief that do not require a response. To the extent a response is required, Defendants deny that Fannie Mae is an agency or instrumentality of the federal government for the purposes of the legal claims being asserted in this case, deny any wrongdoing in connection with the August 5, 2014 foreclosure of property located at 4 Cassisi Court, North Providence, R.I. (the "Property"), and deny that Plaintiffs are entitled any relief sought through this action. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Paragraph 2 of Plaintiffs' Complaint contains legal conclusions that do not require a response. To the extent that a response is required, those allegations are denied.

3. Paragraph 3 of Plaintiffs' Complaint contains legal conclusions that do not require a response. To the extent that a response is required, those allegations are denied.

4. Paragraph 4 of Plaintiffs' Complaint contains legal conclusions that do not require a response. To the extent that a response is required, those allegations are denied.

5. Paragraph 5 of Plaintiffs' Complaint contains legal conclusions that do not require a response. To the extent that a response is required, those allegations are denied.

6. Paragraph 6 of Plaintiffs' Complaint contains legal conclusions that do not require a response. To the extent that a response is required, those allegations are denied.

## THE PARTIES

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations within Paragraph 8 of Plaintiff's Complaint.

9. Fannie Mae is a corporation existing under the laws of the United States of America. Furthermore, 12 U.S.C. § 1716 speaks for itself. To the extent that Paragraph 9 contains Plaintiffs' characterization of the cited statutory provisions, those allegations are denied.

10. Defendants are without knowledge or information sufficient to respond to Paragraph 10 of Plaintiffs' Complaint and therefore deny same.

## GENERAL FACTUAL ALLEGATIONS

### *"The Conservatorship of FHFA over Fannie Mae"*

11. No response to the allegations in paragraph 11 is required because the statutory provisions of the Housing and Economic Recovery Act of 2008 ("HERA") referred to in

34573229v1 0977112

Paragraph 11 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 11 contains Plaintiffs' characterization of the cited statutory provisions, those allegations are denied.

12. Defendants admit that the Director of FHFA is authorized to place Fannie Mae into FHFA conservatorship. The remainder of Paragraph 12 of Plaintiffs' Complaint contains legal conclusions that do not require a response. To the extent that a response is required, those allegations are denied.

13. The FHFA Director statement referred to by Plaintiffs in Paragraph 13 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 13 contains Plaintiffs' characterization of the cited statement, those allegations are denied.

14. The Congressional Budget Office ("CBO") Background Paper referred to by Plaintiff in Paragraph 14 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 14 contains Plaintiffs' characterization of the cited statement, those allegations are denied.

15. The CBO estimate referred to by Plaintiffs in Paragraph 15 of Plaintiffs' Complaint speaks for itself.

16. The CBO statement referred to by Plaintiffs in Paragraph 16 of Plaintiffs' Complaint speaks for itself.

17. The 2014 Annual Report, Form 10-K referred to by Plaintiffs in Paragraph 14 of Plaintiff's Complaint speaks for itself.

18. The document referred to in Paragraph 18 of Plaintiffs' Complaint speaks for itself.

19. The document referred to in Paragraph 19 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 19 contains Plaintiffs' characterization of the 2014 Annual Report or any statements therein, those allegations are denied.

34573229v1 0977112

20. The document referred to in Paragraph 20 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 20 contains Plaintiffs' characterization of the 2014 Annual Report or any statements therein, those allegations are denied.

21. The document referred to in Paragraph 21 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 21 contains Plaintiffs' characterization of the 2014 Annual Report or any statements therein, those allegations are denied.

22. The document titled "Questions and Answers on Conservatorship" and the 2014 Annual Report referred to in Paragraph 22 of Plaintiffs' Complaint speak for themselves. To the extent that Paragraph 22 contains Plaintiffs' characterization of those documents or any statements therein, those allegations are denied.

23. The document referred to in Paragraph 23 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 23 contains Plaintiffs' characterization of the 2014 Annual Report or any statements or alleged facts therein, all of those allegations are denied.

24. Paragraph 24 of Plaintiffs' Complaint contains legal conclusions that do not require a response. To the extent that a response is required, the allegations in Paragraph 24 of Plaintiffs' Complain are denied.

25. Paragraph 25 of Plaintiffs' Complaint contains legal conclusions that do not require a response. To the extent that a response is required, the allegations in Paragraph 25 of Plaintiffs' Complain are denied.

26. The Amended and Restated Senior Preferred Stock Purchase Agreement and 2014 Annual Report, Form 10-K referred to in Paragraph 26 of Plaintiffs' Complaint speak for themselves.

27. The document referred to in Paragraph 27 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 27 contains Plaintiffs' characterization of the 2014 Annual Report or any statements therein, those allegations are denied.

28. The documents referred to in Paragraph 28 of Plaintiffs' Complaint speak for themselves.

29. The document referred to in Paragraph 29 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 29 contains Plaintiffs' characterization of the 2014 Annual Report or any statements therein, those allegations are denied.

30. The document referred to in Paragraph 30 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 30 contains Plaintiffs' characterization of the 2014 Annual Report or any statements therein, those allegations are denied.

31. The document referred to in Paragraph 31 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 31 contains Plaintiffs' characterizations of the 2014 Annual Report or any statements or alleged facts therein, those allegations are denied.

32. The statement referred to by Plaintiffs in Paragraph 32 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 32 contains Plaintiffs' characterization of the cited statement, those allegations are denied.

33. Paragraph 33 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

***"The Agency Relationship between FHFA and Fannie Mae and Santander Bank, N.A."***

34. The FHFA Office of Inspector General Evaluation Report referred to in Paragraph 34 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 34 contains Plaintiffs'

34573229v1 0977112

characterization of that document or any statements or alleged facts therein, those allegations are denied.

35. The document referred to in Paragraph 35 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 35 contains Plaintiffs' characterization of that document or any statements or alleged facts therein, those allegations are denied.

36. The document referred to in Paragraph 36 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 36 contains Plaintiffs' characterization of that document or any statements or alleged facts therein, those allegations are denied.

37. The document referred to in Paragraph 37 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 37 contains Plaintiffs' characterization of that document or any statements or alleged facts therein, those allegations are denied.

38. The document referred to in Paragraph 38 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 38 contains Plaintiffs' characterization of that document or any statements or alleged facts therein, those allegations are denied.

39. The document referred to in Paragraph 39 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 39 contains Plaintiffs' characterization of that document or any statements or alleged facts therein, those allegations are denied.

40. The document referred to in Paragraph 40 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 40 contains Plaintiffs' characterization of that document or any statements or alleged facts therein, those allegations are denied.

41. Paragraph 41 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to an evidentiary hearing prior to foreclosure. Moreover, the document referred to in Paragraph 41 of

34573229v1 0977112

Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 41 contains Plaintiffs' characterization of that document or any statements or alleged facts therein, those allegations are denied.

### *"The Plaintiffs' interest in the Property"*

42. The 2002 Deed referred to in Paragraph 42 of Plaintiffs' Complaint speaks for itself. To the extent that Paragraph 42 contains Plaintiffs' characterization of that document or any statements or alleged facts therein, those allegations are denied.

43. The Note referred to in Paragraph 43 of Plaintiffs' Complaint speaks for itself.

44. The Mortgage referred to in Paragraph 44 of Plaintiffs' Complaint speaks for itself.

45. The Assignment referred to in Paragraph 45 of Plaintiffs' Complaint speaks for itself.

### *"The foreclosure proceedings against the Property"*

46. Defendants are without knowledge or information sufficient to respond to Plaintiffs' allegations within Paragraph 46 of the Plaintiffs' Complaint concerning Santander Bank, N.A.'s referral of foreclosure to Harmon Law Offices, P.C., and therefore deny same.

47. Defendants are without knowledge or information sufficient to respond to the allegations contained within Paragraph 47 of Plaintiffs' Complaint and therefore deny same. .

48. Defendants are without knowledge or information sufficient to respond to the allegations contained within Paragraph 48 of Plaintiffs' Complaint and therefore deny same ..

49. Admitted.

50. The Foreclosure Deed referenced within Paragraph 50 of Plaintiffs' Complaint speaks for itself.

34573229v1 0977112

51. Defendants deny that Plaintiffs are entitled to an evidentiary hearing prior to foreclosure and deny the remaining allegations within Paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny that Plaintiffs are entitled to an evidentiary hearing prior to foreclosure. The remaining allegations within Paragraph 52 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, the allegations within Paragraph 52 of Plaintiffs' Complaint are denied.

53. The complaint for eviction referred to in Paragraph 55 of Plaintiffs' Complaint speaks for itself.

54. Defendants have rescinded foreclosure such that there is no present eviction or cause for irreparable harm. Defendants further deny that Plaintiffs suffer irreparable harm if the eviction actions are not enjoined. Defendants are without knowledge or information sufficient to respond to the remaining allegations contained within Paragraph 54 of Plaintiffs' Complaint and therefore deny same.

## COUNT I – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

55. Defendants reincorporate and restate their responses to Paragraphs 1-54 as if fully restated herein.

56. Defendants deny the allegations within Paragraph 56 of the Plaintiffs' Complaint.

57. Defendants deny the allegations within Paragraph 57 of the Plaintiffs' Complaint.

58. The allegations within Paragraph 58 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, all allegations within Paragraph 58 are denied.

59. Defendants lack knowledge of the significance of Plaintiffs' property interest at stake, and therefore deny the same. The remaining allegations within Paragraph 59 of Plaintiffs'

Complaint state legal conclusions that do not require a response. To the extent a response is required, all allegations within Paragraph 59 are denied.

60. The allegations within Paragraph 60 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, all allegations within Paragraph 60 are denied.

61. The allegations within Paragraph 61 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, all allegations within Paragraph 61 are denied.

62. The allegations within Paragraph 62 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, all allegations within Paragraph 62 are denied.

63. The allegations within Paragraph 63 of Plaintiffs' Complaint state legal conclusions that do not require a response. To the extent a response is required, all allegations within Paragraph 63 are denied.

## **RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraphs 1-10 of Plaintiffs' Prayer for Relief. Moreover, Plaintiffs have withdrawn their request for temporary restraining order and preliminary injunction.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiffs have no legal or factual basis for either of their claims under the U.S. Constitution or under state law; specifically, they have no legal basis to maintain a due process

claim arising out of Fannie Mae's foreclosure, and have no legal basis to enforce the pre-foreclosure mediation obligations under Rhode Island law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief can be granted because Fannie Mae elects, through response to this Complaint, to conduct a foreclosure by judicial process.

## THIRD AFFIRMATIVE DEFENSE

Federal courts lack subject matter jurisdiction over Plaintiffs' claims because the claims are moot.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from challenging the Fannie Mae's authority to accelerate or foreclose.

## FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead Plaintiffs' breach of contract and Fannie Mae's resulting authority to initiate foreclosure under the Statutory Power of Sale.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, in whole or in part, are barred by their failure to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE

Fannie Mae is entitled to set off of damages alleged for any and all amounts Plaintiffs owe on their mortgage including interest, costs, fees and penalties.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Federal courts lack subject matter jurisdiction over Plaintiffs' claims pursuant to 12 U.S.C. § 4617(f).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the Housing and Economic Recovery Act of 2008 ("HERA").

WHEREFORE, Defendants request judgment in their favor on each of the causes of action asserted in Plaintiffs' Complaint, an award of costs of suit, including attorneys' fees and such other and further relief the Court deems just and appropriate.

Respectfully submitted,

FEDERAL HOUSING FINANCE AGENCY and FEDERAL NATIONAL MORTGAGE ASSOCIATION By: Their Attorney

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
401-751-0842
401-751-0072 (facsimile)

Dated: November 23, 2015

# CERTIFICATE OF SERVICE

      I, Samuel C. Bodurtha, hereby certify that Answer and Affirmative Defenses filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 23, 2015.

                                            /s/ *Samuel C. Bodurtha*
                                            Samuel C. Bodurtha, Bar No. 7075

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NANCY A. BOYNTON and PATRICIA BEEKES,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND SANTANDER BANK, N.A.,<br><br>Defendants. | CIVIL ACTION NO. 1:15-cv-00350 |

## FEDERAL NATIONAL MORTGAGE ASSOCIATION'S COUNTERCLAIM TO PLAINTIFFS' COMPLAINT

### INTRODUCTION

Defendant Federal National Mortgage Association ("Fannie Mae"), asserts the following counterclaim for judicial foreclosure in accordance with R.I. Gen. Laws § 34-27-1 (Complaint to Foreclose) against Plaintiffs/Defendants-in-Counterclaim Nancy A. Boynton and Patricia Beekes.

### PARTIES

1. Plaintiff-in-Counterclaim Federal National Mortgage Association is a corporation organized under the laws of the United States.

2. Upon information and belief, defendant-in-Counterclaim Nancy A. Boynton ("Boynton") resides at 4 Cassisi Court, North Providence, Rhode Island.

3. Upon information and belief, defendant-in-Counterclaim Patricia Beekes ("Beekes") resides at 4 Cassisi Court, North Providence, Rhode Island.

### JURISDICTION

4. This Court has jurisdiction to hear and decide Fannie Mae's counterclaim pursuant to Fed. R. Civ. P. 13.

5. This Court has original jurisdiction to hear and decide Fannie Mae's claim for judicial foreclosure in accordance with 28 U.S.C. § 1332 because the parties to suit are diverse and the mortgage in controversy exceeds $75,000.

**VENUE**

6. Fannie Mae's claim for judicial foreclosure is appropriate in venue in this District Court because the property at issue and events that result in foreclosure occurred in this district.

**FACT ALLEGATIONS**

7. On or about July 18, 2007, Ms. Boynton and Ms. Beekes (collectively, the "Borrowers") of 4 Cassisi Court, North Providence, Rhode Island, executed a promissory note (the "Note") through which they promised to pay Sovereign Bank ("Sovereign")[1] the principal sum which had been advanced ($165,000.00), payable with interest as provided in the Note not later than August 1, 2037.

8. In order to secure her repayment obligations with Sovereign, the Borrowers mortgaged, granted and conveyed to Sovereign with Mortgage Covenants, property situated in North Providence, Rhode Island, by mortgage agreement dated July 18, 2007, and recorded in the land evidence records for the town of North Providence at Book 2426, pp. 262-277 (the "Mortgage"). (Exhibit 11 to the Borrowers' Complaint, Doc. No. 1-11, p. 228-243).

9. The Mortgage provides that the covenants and agreements of the security instrument shall benefit the successors and assigns of Sovereign Bank. (Exhibit 11 to Borrowers' Complaint, Doc. No. 1-11, p. 237).

---

[1] Sovereign Bank, N.A. changed its name to Santander Bank, N.A. on October 17, 2013.

10. On April 6, 2010, Sovereign Bank assigned its interest in the Mortgage to Fannie Mae by assignment recorded on April 20, 2010 in the land evidence records for the town of North Providence at Book 2648, p. 220 (Exhibit 12 to the Borrowers' Complaint, Doc. No. 1-12, p. 244).

11. Sovereign's assignment of the Mortgage followed conveyance of the mortgage loan and transfer of the Note to Fannie Mae.

12. Thereafter, the Borrowers failed to make monthly principal and interest payments to their lender as required under the terms and conditions of the Note, and they defaulted on the Mortgage.

13. Fannie Mae notified the Borrowers of their default, acceleration of the loan, and their opportunity to cure in accordance with the Mortgage.

14. The Borrowers failed to cure their default on the Note and breach of the terms of the Mortgage.

**COUNT I – FORECLOSURE**

15. Fannie Mae realleges and incorporates paragraphs 1-14 of its counterclaim by reference.

16. The Borrowers have failed to pay principal and interest on the debt evidenced by the Note executed to the Borrowers.

17. The Borrowers' default on the Note breached the uniform covenants of the Mortgage, which permit Fannie Mae to accelerate the loan to maturity and demand full payment. (Exhibit 11 to Borrowers' Complaint, p. 240).

18. The Borrowers have failed to cure their default at any time after failing to pay monthly installments and following notice of acceleration.

19. Pursuant to the parties' Mortgage agreement, Fannie Mae is contractually permitted to foreclose the Borrowers' right to redeem the Property.

WHEREFORE, Federal National Mortgage Association requests the following relief:

1. An order and judgment of this Court foreclosing the mortgage and the Borrowers' right of redemption;

2. Immediate possession of the mortgage property in favor of Federal National Mortgage Association;

3. Attorneys' fees, costs, and expenses in pursuit of foreclosure and in accordance with the Mortgage; and

4. Such other and further equitable relief as may be required.

Respectfully submitted,

FEDERAL NATIONAL MORTGAGE ASSOCIATION

By: Its Attorney

/s/ *Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
401-751-0842
401-751-0072 (facsimile)

Dated: November 23, 2015

# CERTIFICATE OF SERVICE

    I, Samuel C. Bodurtha, hereby certify that this Federal National Mortgage Association's Counterclaim to Plaintiffs' Complaint document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 23, 2015.

                                                  /s/ *Samuel C. Bodurtha*
                                                  Samuel C. Bodurtha, Bar No. 7075