UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NANCY A. BOYNTON AND<br>PATRICIA BEEKES<br>    Plaintiffs<br><br>        Vs.<br><br>FEDERAL HOUSING FINANCE<br>AGENCY, FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION, AND<br>SANTANDER BANK, N.A.<br>    Defendants | <br><br><br><br>Civil Action No. C.A. No. 15-cv-350 |

**PLAINTIFFS' STATEMENT OF DISPUTED FACTS**

Pursuant to Local Rule 56(a), the Plaintiffs submit the following Statement of Disputed Facts in support of their Objection to the Motion for Summary Judgment filed by Defendant Federal National Mortgage Association ("Fannie Mae"). Per LR 56, these paragraphs are numbered to correspond to the paragraphs of Fannie Mae's Statement of Undisputed Facts.

3.  The Mortgage permitted Lender to accelerate the loan upon the mortgagor's default only after sending the mortgagor a notice that contained the information required by Paragraph 22 of the Mortgage. (*See* Exhibit B to Fannie Mae's Statement of Undisputed Facts at p. 14.)

13.  The "Second Notice of Default," dated December 16, 2016, failed to specify the amount in default and the amount required to cure the default, and therefore failed to comply with paragraph 22 of the Mortgage, in one or more of the following ways:

  a) it incorrectly states the mortgage payment at $1,886.17;

  b) it incorrectly calculates the arrearage at $100,552.85;

1

c) it includes charges of the 2014 foreclosure, which Fannie Mae asked this court to set aside, and which charges were incurred in violation of paragraph 22 of the Mortgage.

## PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED FACTS

Pursuant to Local Rule 56(a), the Plaintiffs submit the following Statement of Additional Undisputed Facts in support of their Objection to the Motion for Summary Judgment filed by Defendant Federal National Mortgage Association ("Fannie Mae")

1.  Before it may commence an action for foreclosure, Paragraph 22 of the Mortgage requires Fannie Mae to send a notice to the Plaintiff that "specif[ied]: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  Said notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." (*See* Exhibit B to Fannie Mae's Statement of Undisputed Facts at p. 14.).

2.  The "First Notice of Default," dated October 8, 2013, which appears to be sent by Sovereign Bank, not Harmon, did not specify a date by which Plaintiffs must cure the default and did not inform Plaintiffs of "right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." Therefore the First Notice of Default failed to strictly comply with paragraph 22 of the Mortgage. (*See* Exhibit D to Fannie Mae's Statement of Undisputed Facts.)

3. On January 24, 2017, the Plaintiffs, through their attorney, sent a letter to Santander Bank, N.A. See Exhibit 16 to Plaintiffs' Motion for Summary Judgment, reattached here for convenience.

4. The letter was designated as a Notice of Error under the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. 1024.35. See Exhibit 16.

5. In the Notice of Error, the Plaintiffs disputed Santander's calculation of the monthly mortgage payment at $1,886.17; disputed Santander's calculation of the arrearage in the amount of $100,552.85; disputed Santander's inclusion of charges related to the 2014 foreclosure sale in the amount required to cure the default; and requested that Santander correct the errors or provide information supporting its calculations stated in the 2016 notice of default. See Exhibit 16.

6. Despite the obligation under RESPA to respond to a Notice of Error within 30 business days, see 12 C.F.R. 1025.35 (e)(3)(B)(ii), Santander has not responded to the Notice of Error or explained how the default was calculated. See Ankrom Declaration dated July 31, 2017 at ¶ 6.

7. On November 25, 2013, Santander sent a notice of payment change calculating the monthly mortgage payment at $1,296.60. See Exhibit 17.

4

        Respectfully submitted,

        Nancy Boynton
        Patricia Beekes
        By Their Attorney,

        /s/ Jeffrey C. Ankrom
        Jeffrey C. Ankrom, Esq. (#7663)
        Rhode Island Legal Services
        56 Pine Street, Suite 400
        Providence, RI, 02903
        (401) 274-2652, ext. 138
        (401) 272-4280 fax
        jankrom@rils.org

        /s/ Steven Fischbach, Esq.
        Steven Fischbach, Esq. (#3259)
        Rhode Island Legal Services
        56 Pine Street, Suite 400
        Providence, RI, 02903
        (401) 274-2652, ext. 182
        (401) 272-4280 fax
        sfischbach@rils.org

        Dated: July 31, 2017

## **CERTIFICATION OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent to all counsel of record on the 31st day of July, 2017.

        /s/ Jeffrey C. Ankrom
        Jeffrey C. Ankrom, Esq.

4