## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NANCY A. BOYNTON and PATRICIA BEEKES,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and SANTANDER BANK, N.A.,<br><br>Defendants.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Counter-Claimant,<br><br>v.<br><br>NANCY A. BOYNTON and PATRICIA BEEKES,<br><br>Counter-Defendants. | C.A. No. 1:15-cv-00350-M-LDA |

## FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIM FOR JUDICIAL FORECLOSURE

## I. INTRODUCTION

Nancy A. Boynton and Patricia Beekes ("Plaintiffs") object to Federal National Mortgage Association's ("Fannie Mae") Motion for Summary Judgment in reliance on much of the same arguments Plaintiffs have offered in their Motion for Summary Judgment (ECF No. 33). As a result, the dispositive issue is whether this Court should retroactively apply its decision in *Martins v. Fed. Hous. Fin. Agency*, 214 F. Supp. 3d 163 (D.R.I. 2016), to a notice of default

Fannie Mae's mortgage loan servicer issued on October 8, 2013. Fannie Mae's Memorandum of Law in Support of its Objection to Plaintiffs' Motion for Summary Judgment on Fannie Mae's Counterclaim for Judicial Foreclosure reviews and discusses the facts, law and policy considerations this Court must evaluate in determining the propriety of Fannie Mae's reliance on the October 8, 2013 Notice of Default, and subsequent December 16, 2016 Notice.

Moreover, Plaintiffs' additional argument—Plaintiffs' concerns over the equity of Fannie Mae's purported request for a "strict" foreclosure—does not present any genuine issues of material fact that should preclude entry of judgment in Fannie Mae's favor on its Counterclaim. Rather, these concerns, if any, are wholly abated by a Court-directed foreclosure sale and post-foreclosure accounting. With these issues aside, nothing in the record should prevent this Court from granting Fannie Mae's Motion for Summary Judgment.

## II. ARGUMENT

A.  This Court's *Martins* Decision Must Apply Prospectively in Effect Only Thereby Rendering Fannie Mae's October 8, 2013 Notice of Default in Full Compliance with Rhode Island Law as it Existed at that Time

Plaintiff's argument that Fannie Mae's October 8, 2013 notice of default fails to strictly comply with paragraph 22 of their July 18, 2007 mortgage agreement (the "Mortgage") demands retroactive application of this Court's October 11, 2016 decision in *Martins*. To avoid duplicative argument, Fannie Mae adopts and incorporates all sections of its Memorandum of Law in Support of its Objection to Plaintiffs' Motion for Summary Judgment (ECF No. 36) as part of this reply and specific to Plaintiff's argument that Fannie Mae failed to comply with Paragraph 22 of the Mortgage. As discussed in greater detail in Fannie Mae's Memorandum of Law, no Rhode Island court required strict compliance as a condition precedent to commencing a judicial foreclosure action when the October 8, 2013 notice issued.

Moreover, retroactive application of the Court's decision in *Martins* is disfavored. Fannie Mae refers this Court to the reasoning of two recent Massachusetts decisions rejecting retroactive and endorsing prospective application of decisions similar to the result in *Martins*. *See*, *e.g.*, *Pinti v. Emigrant Mortg. Co., Inc.*, 33 N.E.3d 1213, 1227 (Mass. 2015); *Eaton v. Fed. Nat'l Mortg. Assoc.*, 969 N.E.2d 1118, 1133 (Mass. 2012). While Plaintiffs contend Fannie Mae is not entitled to judgment as a matter of law because it failed to comply with Paragraph 22 of the Mortgage, this contention only follows from a finding that strict compliance was an absolute requirement *when the notice was issued in 2013*. As this Court is familiar, its decision in *Martins* mandating strict compliance was rendered almost three years after Fannie Mae's notice of default was issued. Aside from the 2014 decision in *In re Demers*, 511 B.R. 233 (Bankr. D.R.I. 2014), no other court in Rhode Island has analyzed whether strict compliance with Paragraph 22 was an absolute condition precedent to foreclose, and even the *Demers* decision issued after the 2013 Notice of Default.

Fannie Mae's actions at all times in pursuit of judicial foreclosure are undertaken in full compliance with Rhode Island law as it existed. To be sure, once this Court decided *Martins*, Fannie Mae issued a second notice of default, which without dispute has strictly complied with the terms of Plaintiffs' Mortgage. With that second notice, Fannie Mae provided Plaintiffs another opportunity cure the default before requesting judgment on its counterclaim for judicial foreclosure. Fannie Mae's issuance of that second notice of default does not, and should not, negate or void the existence of the first notice. Instead, the second notice provides irrefutable evidence that Plaintiffs have been provided multiple opportunities to cure, and that at no point between 2013 and the present, have Plaintiffs reinstated their Mortgage. In addition, Plaintiffs

present no evidence or argument that they were unaware of the right to cure, amount to cure, deadline to cure, or the right to bring a court action to assert the non-existence of default.

B.      Plaintiffs Waived Section II of their Objection

Relying on Plaintiffs' Supplemental Memorandum in Objection to Fannie Mae's Motion for Summary Judgment (ECF No. 40) and Plaintiffs' representations they are withdrawing Section II of their Objection, Fannie Mae submits no reply to Section II.

C.      Plaintiffs' Argument that Fannie Mae is Requesting a Strict Foreclosure is Purely Speculative and Does Not Raise Any Genuine Issues of Material Fact to Preclude Entry of Judgment as a Matter of law in favor of Fannie Mae

Plaintiffs argue that if Fannie Mae is entitled to foreclose on Plaintiffs' property, it must do so under the direct supervision of the Court. Plaintiffs presume that Fannie Mae is purporting to conduct a "strict" foreclosure, yet can present no evidence that Fannie Mae is even requesting a foreclosure of the property be accomplished without a public auction. Any suggestion that Fannie Mae is pursuing a "strict" foreclosure not only misinterprets Fannie Mae's prayer for relief in its Counterclaim but preemptively penalizes Fannie Mae for behavior it has not yet committed or intends to commit. Plaintiff's argument arises out of a belief that "[i]t appears that Fannie Mae is asking the court to transfer title to Fannie Mae without a sale of the property." (Pls.' Obj., ECF No. 38, at 9). Fannie Mae, however, maintains that any foreclosure of the Property will be conducted with Court approval, and consequently, no issue of fact exists to deny judgment to Fannie Mae on its Counterclaim.

Plaintiffs' Objection discusses the equities of conducting strict foreclosures to unnecessarily request that this Court implement procedures akin to those present in either partition sales in the State of Rhode Island under the parameters set forth in R.I. Gen. Laws §§ 34-15-1, *et seq.*, or foreclosures of mechanic's liens under R.I. Gen. Laws §§ 34-28-21. In Fannie

Mae's prayer for relief in Count I of its Counterclaim for Judicial Foreclosure, filed with the Court on November 23, 2015, Fannie Mae requests "[a]n order and judgment of this Court foreclosing the mortgage and the Borrowers' right of redemption" and "[i]mmediate possession of the mortgage property in favor of [Fannie Mae]." (Counterclaim, ECF No. 15, at 16). Fannie Mae has never indicated that it was willing to forego any sale or auction of the Property to obtain possession of the Property, or furthermore, indicated it was foregoing compliance with any prerequisites in terminating Plaintiffs' hold-over tenancy. The arguments Plaintiffs present by objection presume, without any evidence, that Fannie Mae is pursuing conduct not expressly authorized by Rhode Island law. This is simply not the case.

The method by which Fannie Mae takes title to the Property following entry of judgment by this Court does not, and should not impact whether this Court determines any genuine issues of material fact exist as to whether Fannie Mae is entitled to foreclose on the Property under Fed. R. Civ. P. 56. *See Wilson v. Moreau*, 440 F. Supp. 2d 81, 91 (D.R.I. 2006) ("[T]he nonmoving party cannot rest on its pleadings, but must set forth specific facts demonstrating that there is a genuine issue for trial as to the claim that is the subject of the summary judgment motion." (internal quotation marks omitted)). Such concerns, if any, arise solely after judgment enters in favor of Fannie Mae, and thus, are simply not ripe for adjudication or discussion at the present time. Nevertheless, to assuage Plaintiffs' concerns, once the Court enters judgment in Fannie Mae's favor on its counterclaim for judicial foreclosure, Fannie Mae intends to conduct a foreclosure sale by auction of the Property. Moreover, Fannie Mae will provide notice to the Plaintiffs of the foreclosure sale, will conduct a duly-noticed foreclosure auction, and will return to the Court with an accounting of the proceeds following its holding of the sale. To be clear, Fannie Mae will provide an accounting of proceeds from sale as well as Fannie Mae's expenses to be recovered through this sale, and those expenses will not only include the debt owed but also

foreclosure expenses and the costs of this litigation. Despite Plaintiffs' unfounded concerns, Fannie Mae intends to conduct this foreclosure and accounting under and with Court approval.

Plaintiffs' proposal, on the other hand, would require the additional costs, time and substantial burden of conducting a sale in a manner akin to partition sales. Plaintiffs' request to follow partition sale procedures would include a Court review of whether a guardian *ad litem* should be appointed under § 34-15-11, a portion of the sale proceeds would be set aside for unknown or absent parties under § 34-15-18; a full adjudication of all claims made by third parties under § 34-15-19; and an appointment of a commission to make the sale under § 34-15-24 and § 34-15-27. Not only are these procedures specifically unique to partition sales, but the tasks proposed are certain to only drag out and delay a foreclosure that can and should be accomplished by notice and public auction. Should the Court grant Plaintiffs' request to mandate a sale of the Property in accordance with the procedures for a partition sale, Plaintiffs must bear all costs of the sale in accordance with R.I. Gen. Laws § 34-15-22.

With these issues aside, there are no other bases by which this Court should deny entry of judgment on Fannie Mae's Counterclaim.

### III. <u>CONCLUSION</u>

Based on the foregoing, Fannie Mae respectfully requests this Court enter judgment in its favor on its Counterclaim for judicial foreclosure under § 34-27-1.

Respectively submitted,

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

By Its Attorneys,


*/s/ Samuel C. Bodurtha*

Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated:     August 31, 2017


## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 31, 2017.

*/s/ Samuel C. Bodurtha*

Samuel C. Bodurtha