UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NANCY A. BOYNTON and
PATRICIA BEEKES,
    Plaintiffs,

v.      C. A. No. 15-350-JJM-LDA

FEDERAL HOUSING FINANCE
AGENCY, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, and
SANTANDER BANK N.A.,
    Defendant.

MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

This case presents the issue of whether a mortgagee must comply with the notice conditions in Paragraph 22 of the mortgage before it files suit seeking a judicial foreclosure. The simple answer to this question is, yes.

*Facts*

Nancy A. Boynton and Patricia Beekes executed a promissory note in favor of Sovereign Bank for $165,000 on July 18, 2007. A mortgage on the property secured repayment of the note. Sovereign transferred and assigned its right, title, and interest in the note and mortgage to Federal National Mortgage Association ("Fannie Mae") by an assignment recorded in the land evidence records for the town of North Providence, Rhode Island.

Thereafter, Ms. Boynton and Ms. Beekes failed to make monthly principal and interest payments as required under the terms of the note.

Paragraph 22 of the mortgage contains notice provisions, and reads, in pertinent part, as follows:

> Acceleration; Remedies. Lender shall give notice to Borrower *prior to acceleration* following Borrower's breach of any covenant or agreement in this Security Instrument . . . *The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.* If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Emphasis added.

Following the default, on October 8, 2013, a law firm acting for the mortgagee, sent written notice to Ms. Boynton and Ms. Beekes of the default. A non-judicial foreclosure then took place. Fannie Mae purchased the property at foreclosure auction and recorded a foreclosure deed.

Plaintiffs filed a complaint for declaratory judgment, injunctive relief, and damages against Federal Housing Finance Agency, Fannie Mae, and Santander Bank, N.A (f/k/a/ Sovereign Bank). Three months after Plaintiffs filed their complaint, Fannie Mae filed an assented to Motion to Set Aside the Foreclosure and to Rescind Foreclosure Deed (ECF No. 11), which this Court granted. ECF No. 13.

The Court later dismissed Plaintiffs' complaint against Defendants as moot because the parties assented to the revocation of the non-judicial foreclosure.

Fannie Mae then filed a counterclaim for judicial foreclosure against Plaintiffs pursuant to R.I. Gen. Laws § 34-27-1. ECF No. 15. Santander, on behalf of Fannie Mae, then issued a second Notice of Default to Plaintiffs. Both sides filed motions for Summary Judgment on the counter-claim. Arguing that the second notice was proper, Defendants seek a judicial foreclosure under Rhode Island law through an order from this Court, instead of non-judicial means. ECF No. 32. Countering that the notice was untimely in violation of Paragraph 22 of the mortgage, Plaintiffs seek to dismiss the counterclaim for judicial foreclosure. ECF No. 33.

*Analysis*

This Court may grant summary judgment only if it determines that the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *AGA Fishing Group Ltd. v. Brown & Brown, Inc.*, 533 F.3d 20, 23 (1st Cir. 2008).

This Court has ruled, as have many other courts, that mortgagees must comply with Paragraph 22 of the mortgage, i.e. they are required to give the mortgagor the notice that they agreed to give. *Martins v. Fed. Hous. Fin. Agency*, 214 F. Supp. 3d 163, 169 (D.R.I. 2016) ("Simply put, if a mortgagee agrees to give a certain notice

before a foreclosure, it does not matter whether it is a judicial or non-judicial foreclosure. The mortgagee must do that which it agreed.").[1]

It is undisputed that Defendants' first notice, sent to Plaintiffs before it non-judicially foreclosed, did not comply with Paragraph 22 of the mortgage – perhaps leading Fannie Mae to agree to rescind the non-judicial foreclosure. Therefore, the Court must examine whether Defendants' second notice properly fulfilled its obligations under Paragraph 22 of the mortgage.

The second notice arguably does contain the required language found in Paragraph 22, but Fannie Mae sent it after it filed the judicial foreclosure suit. Plaintiffs argue that the filing of the lawsuit accelerated the mortgage and Paragraph 22 of the mortgage requires that the mortgagee send out the notice "prior to acceleration." Fannie Mae contends that it never accelerated the entire balance due under the note and therefore the second notice is not deficient.

Based on its review of Paragraph 22 of the mortgage, Defendants' counterclaim, and prevailing case law, the Court agrees with Plaintiffs. According to Paragraph 22, the Lender may "require immediate payment in full of all sums ... without further demand [i.e. accelerate the balance] and may invoke the statutory power of sale and any other remedies permitted by Applicable Law" including the

---

[1] Fannie Mae argues that the Court should not retroactively apply its decision in *Martins* that mortgagees must strictly comply with the Paragraph 22 notice requirements before foreclosure. The Court disagrees that applying the foundational contract law concept that a party to a contract "must do that which it agreed" to this type of case is new, exceptional, or particularly groundbreaking. The Court's reliance on *Martins* is not a retroactive application of a novel legal theory; it is an application of basic contract law.

4

remedy of judicial foreclosure under R.I. Gen. Laws § 34-27-1 only *after* "the default is not cured on or before the date specified in the notice." Because Paragraph 22 contemplates that judicial foreclosure is an available remedy upon acceleration, the Court finds that Fannie Mae did accelerate this mortgage[2] when it filed the judicial foreclosure action and that was prior to providing the second, proper notice to Plaintiffs.

Moreover, Fannie Mae's argument that it did not accelerate the note is without a factual basis. In its counterclaim in this lawsuit, Fannie Mae stated that it *already accelerated the balance due under the note*. ECF No. 15 at ¶ 15 ("Fannie Mae notified the Borrowers of their default, acceleration of the loan, and their opportunity to cure in accordance with the Mortgage."); *Id.* at ¶ 17; ("the Borrowers' default on the Note breached the uniform covenants of the Mortgage, which permit Fannie Mae to accelerate the loan to maturity and demand full payment."); *Id.* at ¶ 18 ( "the Borrowers have failed to cure their default at any time after failing to pay monthly installments and following notice of acceleration."). By its own admission, Fannie Mae sent the second notice to the Plaintiffs *after* it had accelerated the note in violation of the provisions of Paragraph 22 of the mortgage; therefore, it does not have the right to a judicial foreclosure because it has violated the mortgage contract.

---

[2] Even if Fannie Mae had not accelerated the balance when it filed suit, it still may not, pursuant to Paragraph 22, "invoke ... any other remedies permitted by Applicable Law" until Fannie Mae has complied with Paragraph 22 and waited until the date specified in the notice has passed. In other words, until Fannie Mae has complied with Paragraph 22 and waited until the date specified in the notice has passed, it may not invoke any other remedies permitted by applicable law, including the filing of a judicial foreclosure.

*Conclusion*

There are no genuine issues of material fact in dispute in this case. It is undisputed that Defendants did not comply with Paragraph 22 of the mortgage before it filed suit and sought a judicial foreclosure. Therefore, the Court GRANTS Plaintiffs' Motion for Summary Judgment (ECF No. 33) and DENIES Defendants' Motion for Summary Judgment (ECF No. 32).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

September 15, 2017